**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 05-cr-00545-EWN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JOSEPH P. NACCHIO,

      Defendant.

---

**PROTECTIVE ORDER UNDER CIPA**

---

THE COURT HEREBY FINDS: This case may involve information and documents that(1) are in the possession of defendant Joseph P. Nacchio, (2) are made available to defense counsel by the government in connection with proceedings in this case, or (3) are disclosed to defense counsel by defendant prior to, during, or after the prosecution of this case, that have been classified in the interest of the national security pursuant to Executive Order No. 12958, 60 Fed. Reg. 19825 (1995).  The storage, handling and control of this information and these documents will require special security precautions mandated by statute, executive order, and regulation, and access to this information and these documents will require the appropriate security

clearances.  The purpose of this Order is to establish procedures that must be followed by counsel and the parties in this case. These procedures will apply to all pretrial, trial, post-trial and appellate matters concerning classified information and documents, and may be modified from time to time by further order of the Court acting under its inherent supervisory authority to ensure a fair and expeditious trial.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2000) ("CIPA"), the Security Procedures Established Pursuant to CIPA by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, the general supervisory authority of the Court, and ordinary principles of contract law, and in order to protect the national security, THE FOLLOWING PROTECTIVE ORDER IS HEREBY ENTERED:

1.  <u>Definitions</u>.  The following definitions shall apply to this Order:

a.  "Classified information" shall mean:

(i)  any document or information which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 12958 or other applicable

orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," whether or not additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI"), or any information contained in such document;

(ii)  any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified and (B) has subsequently been classified by the United States pursuant to Executive Order as "CONFIDENTIAL," "SECRET," "TOP SECRET," whether or not additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

(iii) oral classified information known to defendant or defense counsel;

(iv) any information, regardless of place of origin and including "foreign government information," as that term is defined in Executive Order 12958, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters; and

(v)  any document or information as to which a defendant or defense counsel has been notified orally or in writing that such document or information contains classified information.

b.  "Document" shall mean any material containing information.  The term "document" shall include written or printed matter of any kind including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation).  The term "document" shall also include letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications and changes of any kind to the foregoing; and all recordings of information on magnetic, electronic, or optic media such as audio or video tapes, computer tapes or discs, microfiche, type-writer ribbons, films and all manner of electronic data processing storage.

c.  "Access to classified information" means having access to, reviewing, reading, learning or otherwise coming to know in any manner classified information.

d.  "Secure Area" means a secure facility accredited by a Court Security Officer for the storage, handling and control of classified information.

2.  Public Domain/Classified Information.  Under certain circumstances, information in the public domain may be considered

as classified and, therefore, subject to the provisions of CIPA,

if it is confirmed as being classified by any person who has, or

has had, access to classified information.  Accordingly, under

certain circumstances, the defense may need to comply with the

requirements of CIPA and all provisions of this Order with

respect to information in the public domain.

3.   <u>Declassification</u>.  All classified documents and

information shall remain classified unless the documents bear a

clear indication that they have been declassified by the agency

or department that originated the document or information

contained therein ("originating agency").  Disclosure of

classified information to the public shall not constitute

declassification for purposes of this Protective Order.

4.   <u>Designation of Court Security Officer</u>.  In accordance

with the provisions of CIPA and the Security Procedures

promulgated by the Chief Justice of the United States pursuant to

that Act, this Court designates Jennifer H. Campbell as Court

Security Officer and Erin E. Hogerty, James P. Londergan,

Christine E. Gunning, Barbara J. Russell, Daniel O. Hartenstine,

Mary M. Cradlin, John P. Molinard, Michael P. Macisso and Joan B.

Kennedy as alternate Court Security Officers for this case, for

the purpose of providing security arrangements necessary to
protect from unauthorized disclosure any classified information
or documents in the possession of, that are disclosed to, or that
are known to defendant Joseph P. Nacchio or to defense counsel
prior to, during, or after the prosecution of this case.  Defense
counsel shall seek guidance from the Court Security Officer
regarding the appropriate storage, handling, transmittal, and use
of classified information.

     5.   <u>Counsel for the United States</u>.  The Court has been
advised that United States Attorney for Colorado, William J.
Leone, and the Assistant United States Attorneys assigned to this
case, James O. Hearty, and David M. Gaouette, and Department of
Justice attorneys John J. Dion, Ronald Roos, Christopher P.
Simkins, Richard C. Sofield, Leo Wise as well as their
supervisors in the Unites States Attorney's Office and the
Department of Justice, have the requisite security clearances and
a "need to know" classified information related to this case, and
therefore, are authorized to have access to the classified
documents and information that relate to this case.  In addition,
the government may designate additional Assistant United States
Attorneys and DOJ Attorneys from time to time to assist with the

6

case. These attorneys may have access to the classified

information and documents on a "need to know" basis upon receipt

of the requisite security clearances. Any references to

government attorneys as used in this Order refer only to the

attorneys described in this paragraph and their supervisors in

the United States Attorney's Office and the Department of

Justice.

6.   <u>Defense Attorneys</u>.   Defendant's counsel and their

approved employees shall be given access to relevant classified

information as may be communicated to them by defendant or as may

be required by the government's discovery obligations, if any,

and in accordance with the terms of this Protective Order, and

any other orders pursuant to CIPA, and upon receipt of

appropriate security clearances.   Any additional person,

including defendant, whose assistance the defense reasonably

requires may only have access to classified information in this

case as set forth in ¶¶ 11 through 13 of this Order.   The

substitution, departure, or removal from this case of defense

counsel or anyone associated with the defense as an employee,

witness or otherwise, shall not release that person from the

provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

7. <u>Defendant's Secure Areas</u>.  The Court Security Officer shall arrange for an appropriately approved secure area for the use of defense counsel and their employees.  The Court Security Officer shall establish procedures to assure that the secure area is accessible during business hours to defense counsel, employees of counsel, and authorized witnesses accompanied by defense counsel, and at other times upon reasonable request as approved by the Court Security Officer.  The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense.  The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information.  No classified documents may be removed from the secure area.  The Court Security Officer shall not reveal to the government the content of any conversations he may hear among the defense, nor reveal the nature of the documents being reviewed or the work being

8

generated.  The presence of the Court Security Officer shall not
operate to render inapplicable the attorney-client or work
product privilege.

     8.  <u>Filing of Papers by Defendant</u>.  Any pleading or other
document filed by defendant that defense counsel know to be
classified, believe may be classified, or are unsure of the
proper classification of, shall be filed under seal with the
Court Security Officer or her designee and shall be marked,
"Filed in Camera and Under Seal with the Court Security Officer."
The time of physical submission to the Court Security Officer or
a designee shall be considered the date and time of filing.  The
Court Security Officer shall promptly examine the pleading or
document and, in consultation with the attorneys for the
government, arrange for a determination to be made by the
appropriate agency of the classification level for the
information in the pleading or document. If the Court Security
Officer determines that the pleading or document contains
classified information, she shall ensure that portion of the
document, and only that portion, is marked with the appropriate
classification marking and remains under seal.  All portions of
any document or pleading filed by defendant that do not contain

classified information shall be unsealed by the Court Security Officer and placed in the public record after conferring with the parties and the Court and after the parties have had an opportunity to be heard by the Court with respect to the question of unsealing. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer or his designee. Nothing in this order shall limit the right of the defense to seek an order sealing pleadings or other documents for reasons other than that they contain classified information as may be authorized by law.

9.   <u>Filing of Papers by the United States</u>.  Any pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Court Security Officer.  Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer."  The date and time of physical submission to the Court Security Officer or his designee shall be considered the date and time of filing. Nothing in this order shall limit the right of the United States to seek an order to seal pleadings or other

documents for reasons other than that they contain classified
information as may be authorized by law.

10. <u>Separate Sealed Records</u>.  The Court Security Officer
shall maintain a separate sealed record for those materials which
are classified.  The Court Security Officer shall be responsible
for the maintaining of the secured records for purposes of later
proceedings or appeal.

11. <u>Protection of Classified Information</u>.  The Court finds
that to protect the classified information involved in this case,
individuals other than counsel for the United States,
appropriately cleared Department of Justice employees, and
personnel of the originating agency, can obtain access to
classified documents and information only as set forth in this
Order.  Except upon receipt or possession of appropriate security
clearances or a specific order of the Court issued with respect
to particular classified information, no person, other than
counsel for the United States, appropriately cleared Department
of Justice employees, and personnel of the originating agency,
shall have access to relevant classified information involved in
this case.  Thus, no counsel for a defendant, employee of counsel
for a defendant, defense witness, or any other person, other than

counsel for the United States, appropriately cleared Department

of Justice employees, and personnel of the originating agency,

shall have access to any classified information in this case

unless that person shall first have a "need to know" the

classified information and have:

    a. Received from the Court Security Officer, or had

confirmed by the Court Security Office, the appropriate security

clearance for the level of the classified information involved in

this litigation; and

    b. Signed the Memorandum of Understanding in the form

attached hereto agreeing to comply with the terms of this Order.

The signed Memorandum of Understanding shall be filed with the

Court ex parte and served on the Court Security Officer or his

designees. The substitution, departure or removal for any reason

from this case of counsel for the defense or anyone associated

with the defense as an employee or witness or otherwise shall not

release that individual from the provisions of this Order or the

Memorandum of Understanding executed in connection with this

Order.

    12. <u>Access to Classified Information</u>. Counsel for

defendant, defendant, employees of counsel for defendant, and

witnesses accompanied by counsel for defendant shall have access to classified information only as follows, and only after complying with the requirements set forth in this Order:

a.   All classified information produced by the government to defense counsel and defendant in discovery or otherwise, and all classified information possessed, created or maintained by the defense, including information obtained by defense counsel from defendant, shall be stored, maintained and used only in the secure area established by the Court Security Officer;

b.   Counsel for defendant, defendant, and employees of counsel for defendant shall have free access to the classified information made available to them in the secure area established by the Court Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.   Defense witnesses shall have access to classified information in the secure area established by the Court Security Officer only as deemed necessary by counsel for defendant and only while accompanied by counsel for defendant;

c.   No person, including any counsel for any defendant, defendant, employee of any counsel for any defendant, or defense

witness, shall copy or reproduce any classified information in any manner or form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area;

  d. All documents prepared by the defense (including all documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Court Security Officer.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, and exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety or authorizes their disposition.  None of these materials shall be disclosed to counsel for the United States or any other party;

  e. Counsel for defendant, defendant, employees of counsel for defendant, and defense witnesses shall discuss classified information only within the secure area or in an area

authorized by the Court Security Officer, and only after compliance with all of the requirements set forth in this Order;

f.    Counsel for the defendant, defendant, employees of counsel for defendant, and defense witnesses shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not authorized pursuant to this Order except the Court, Court personnel and the attorneys for the United States identified by the Court Security Officer as having the appropriate clearances and the need to know.  Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person only if that person is not authorized pursuant to this Order.  Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all the terms and conditions of this Order.  If preparation of the defense requires that classified information be disclosed to persons not authorized pursuant to this Order, the Court Security Officer may promptly seek to obtain security clearances for them at the request of defense counsel;

15

g.    Counsel for defendant, defendant, employees of counsel for defendant, defense witnesses, the government and government witnesses shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet or in the presence of any person who has not been granted access by the Court to classified information;

h.    Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared or handled only by persons who have received an appropriate approval for access to classified information and only in a manner consistent with relevant security regulations.

13.   Classified Information in Defendant's' Possession Prior to this Prosecution.   The Court has been advised by counsel for the defendant and the government that the defendant may be in possession of classified information made available to him outside of these proceedings, including as a result of his employment by Qwest Communications International, and as a member of various government commissions and panels.   This Order applies to the use of such pre-acquired classified information in

16

connection with all pre-trial, trial, post-trial, and appellate proceedings in this case.  Nothing in this Order shall be construed as a limitation on the government in filing criminal charges against defendant or defense counsel in the event of an unauthorized disclosure of classified information if appropriate. In addition, defendant Joseph P. Nacchio has a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to him or in his possession.  Nothing in this order shall preclude the government from enforcing its agreement(s) to maintain the confidentiality of classified information if appropriate.

14.  <u>Classified Information Procedures Act</u>.  Nothing in this Protective Order shall be interpreted to supersede any provision of CIPA.  Procedures relating to the use and disclosure of classified information by the defense shall be governed by this Order and CIPA.  Consistent with this Order, no classified information may be disclosed by the defense except:

a.  to the Court, court personnel and government attorneys and their agents and employees identified by the Court Security Officer or a designee as holding proper approval for access to classified information;

17

b.   to representatives of the agency or department originating the classified information who have been identified by the Court Security Officer as holding proper security clearances and having the need to know the classified information;

c.   in accordance with the procedures of CIPA and the procedures established by the Court Security Officer; and

d.   to persons who have been authorized to have access to classified information pursuant to this Order or to CIPA.

Nothing submitted by the defense to the Court Security Officer or his designee pursuant to this Order shall be made available to counsel for the United States unless otherwise required by CIPA or this order, or is so ordered by the Court, or so designated by the defense.

15.   Contact With Government Intelligence Agency Employees. The defense may not contact any employee of any government intelligence agency or request any documents or information from a government intelligence agency regarding this case without making prior arrangements with a government attorney unless the defense files a motion with the Court to authorize such contact, gives the government notice of such motion, and obtains a court

18

order authorizing that contact.  Further, the defense shall give prior notice to government attorneys of any contacts it intends to make with any employee of any government intelligence agency for the purpose of declassifying any classified information relating to this case. Any classified information provided to the defense by a government intelligence agency will be subject to the provisions of CIPA and this Protective Order.

16.   <u>Declassified Material</u>.  In the event the government chooses to declassify any information or document for purposes of this case, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, any and all such documents or information shall be governed by the following provisions:

a.   Defense counsel shall not disclose any of the declassified documents or information, or any summaries thereof, to any person other than the defendant, witnesses who they may be interviewing or preparing for trial, and attorneys, law clerks, secretaries, translators, technical and other experts, and investigators involved in the representation of their client.

19

b.   Any declassified documents or information, and any
     copies thereof, are now and forever remain the
     property of the United States government.  Defense
     counsel will return all declassified documents or
     information, and all copies thereof, to the CSO at
     the conclusion of all proceedings in this case.

c.   Defense counsel will store all declassified
     documents and information in a secure place
     consistent with any other restrictions on the
     documents, if any, and will use reasonable care to
     ensure that declassified documents or information
     are not disclosed to third persons, including the
     media, in violation of this Order.

d.   If defense counsel makes any copies of
     declassified documents or information, defense
     counsel will mark on each copy the following
     notation: "U.S. Government Property; May Not Be
     Used Without U.S. Government Permission."

e.   If defense counsel disclose any declassified
     documents or information, or copies, summaries, or
     transcripts thereof, defense counsel shall provide

such recipients with copies of this Order and advise them that the declassified documents or information are the property of the United States government and that any unauthorized use or disclosure may constitute a violation of law and/or contempt of court.

f.   Nothing herein constitutes a waiver of any right of defendant, nor does anything herein restrict in any way the right of the defense to use the declassified documents or information in connection with any pleading or proceeding in this case.

g.   This Order in no way modifies or alters the obligation of all counsel to handle classified documents or information as required by law, including CIPA, and such protective orders as may be entered by this Court.

17.   <u>Violations of This Order</u>.  Any unauthorized disclosure of documents or information covered by the Order may constitute a violation of United States criminal laws and may result in a charge of contempt of Court and possible referral for criminal

prosecution.  The parties shall immediately report any violation of the terms of this Order to the Court.  Any breach of this Order may also result in termination of an individual's access to classified information.  Persons subject to this Order are advised that direct or indirect unauthorized disclosure, or retention or negligent handling, of documents or information covered by this Order could cause serious damage, and in some cases exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States.  This Protective Order is to ensure that those authorized to receive classified or protected documents or information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

18. <u>Handling of Classified Information After Conclusion of Case</u>.  All classified documents and information which defendant, counsel for defendant, employees of counsel for defendant, and defense witnesses have access to in this case are now and will remain the property of the United States.  Upon conclusion of the case and upon the request of the Court Security Officer, these

persons shall return to the Court Security Officer all classified documents in their possession obtained through discovery from the government in this case, or containing classified information obtained from other sources. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of the case.  At the conclusion of this case, all such notes, summaries and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel.

19.  CIPA Section 2 Protection.  Pursuant to CIPA Section 2, no admission made by a defendant or defense counsel during the pretrial conference may be used against that defendant unless it is in writing and signed by the defendant.

20.  Dissemination of Order.  A copy of this Order shall be issued forthwith to defense counsel who shall be responsible for advising defendant, employees of counsel for defendant, and defense witnesses of the contents of this Order.  Defendant, counsel for defendant, each employee of counsel for defendant, and defense witnesses who will be provided access to classified information, shall execute the Memorandum of Understanding

23

described in paragraph 11 of this Order, and counsel for

defendant shall file executed originals of such documents with

the Court ex parte and the Court Security Officer. The execution

and filing of the Memorandum of Understanding is a condition

precedent for counsel for defendant, any employee of counsel for

defendant, and any defense witness to have access to classified

information.

SO ORDERED this 15th day of August, 2006

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge

<u>MEMORANDUM OF UNDERSTANDING</u>

1.   I understand that I may be the recipient of information and documents that concern or implicate the national security of the United States and belong to the United States, and that such documents and information are classified according to security standards set by the United States government.

2.   I agree that I shall never divulge, publish or reveal, by word, conduct or other means, such classified information and documents unless specifically authorized in writing to do so by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by the Court.

3.   I understand this agreement will remain binding upon me after the conclusion of the proceedings in <u>United States v. Joseph P. Nacchio</u>, Criminal Case No. 05-cr-00545-EWN, and any subsequent related proceedings.

4.   I have received, read and understood the Protective Order entered by the United States District Court for the District of Colorado in the above case, and I agree to comply with the provisions thereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____,2006, at _____.

_____     _____
(Printed Name)                       (Signature)