IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Criminal Case No. 05–cr–00545–EWN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JOSEPH P. NACCHIO,

      Defendant.

## ORDER

This matter is before the court on "Defendant's Renewed Motion for Production of Grand Jury Instructions," filed October 19, 2006. Defendant requests that the court reconsider its denial of his initial request for production of the Grand Jury charge on the elements of insider trading.

On May 1, 2006, Defendant filed a motion to dismiss the indictment for prosecutorial misconduct. (Mot. for Dismissal of Indictment Due to Prosecutorial Misconduct in the Grand Jury [filed May 1, 2006] [hereinafter "Def.'s Mot. to Dismiss"].) Therein, Defendant asserted that he suspected the Government had failed to instruct the Grand Jury with a "knowing use" standard of *scienter* and instead improperly instructed it with an "awareness" standard. (*Id.* at 2.) Defendant asserted any such instruction constituted prosecutorial misconduct that warranted dismissal of the indictment. (*Id.*) Thus, Defendant requested that the court either dismiss the

indictment or order disclosure of the grand jury instructions.  (*Id.*)  On August 25, 2006, the court filed an order and memorandum of decision denying Defendant's requests.  (Order and Mem. of Op. [filed Aug. 25, 2006] [hereinafter "Order"].)  The court specifically rejected "Defendant's suggestion that any reliance by the prosecution on the relatively untested awareness standard set forth in [17 C.F.R. § 240.10b5–1 (2006)] constitute[d] misconduct."  (*Id.* at 18–19.)

Defendant apparently disagrees.  On October 19, 2006, Defendant filed his renewed motion for production of grand jury instructions, arguing: (1) "the [G]overnment has tacitly conceded that the instruction given to the Grand Jury need only have been 'aware' [sic] of material nonpublic information;" and (2) the instructions should be furnished "[i]n order that the record in this case be complete should there be a need for an appeal."  (Def.'s Renewed Mot. for Produc. of Grand Jury Instructions at 1–2 [filed Oct. 19, 2006] [hereinafter "Def.'s Br."].)  On October 26, 2006, the Government responded.  (United States' Resp. in Opp'n to Def.'s Renewed Mot. for Produc. of Grand Jury Instructions [filed Oct. 26, 2006] [hereinafter "Gov't's Resp."].)  On November 2, 2006, Defendant replied.  (Def.'s Reply in Supp. of His Renewed Mot. for Produc. of Grand Jury Instructions [filed Nov. 2, 2006] [hereinafter "Def.'s Reply"].)

I find that the Government has not, as Defendant contends, "tacitly conceded" it furnished an awareness instruction to the Grand Jury.  In support of his contention that it has, Defendant cites two documents on the docket.  First, he cites a footnote in an October 4, 2006 Government filing that states:

> As this Court recognized in its decision denying [D]efendant's motion to dismiss
> due to prosecutorial misconduct, the [G]overnment was entitled to rely on
> 10b5–1's awareness standard at the grand jury stage and failure to do so would

-2-

"seem to run contrary to the Government's duty to vigorously prosecute perceived criminal conduct."

(Mem. by the United States in Supp. of Proposed Jury Instructions on Insider Trading at 4 n.1 [filed Oct. 4, 2006] [quoting Order at 19].)  I disagree that the Government's acknowledgment of my statement that it was entitled to give an awareness instruction constitutes a "tacit concession" that the Government did in fact give such an instruction.

Defendant's second citation is to a footnote in a document that he himself filed with the court.  (Def.'s Resp. to Gov't's Proposed Jury Instructions on Insider Trading at 4 n.2 [filed Oct. 9, 2006].)  In this footnote, Defendant merely discusses the so-called "tacit concession" contained in the Government's October 4, 2006 submission.  (*Id.*)  This citation is thus even less persuasive than Defendant's first.  Accordingly, nothing Defendant has presented convinces me that the Government has tacitly conceded anything.[1]

Defendant furnishes no authority supporting his contention that the Government should be ordered to produce the grand jury instructions "[i]n order that the record in this case be complete should there be a need for appeal."  (Def.'s Br. at 1.)  The Federal Rules of Criminal Procedure provide that a court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii) (2006).  The Supreme Court has

---

[1]Even if Defendant had come forward with an "explicit concession" by the Government that it had given an awareness instruction to the Grand Jury, my determination that the Government was entitled to rely on the awareness standard before the Grand Jury would still counsel against production.  (*See* Order at 18–19.)

-3-

consistently held that this rule requires a strong showing of "particularized need" before grand jury materials are disclosed. *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984) (collecting Supreme Court cases); *accord United States v. Welch*, 201 F.R.D. 521, 523–24 (D. Utah 2001); *see also Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979) (stating "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings"). This court's research has failed to reveal any authority indicating that desire for a complete appellate record constitutes "particularized need" that would justify a breach of grand jury secrecy. Moreover, the court notes that if the need for a complete appellate record were sufficient grounds for ordering production of grand jury instructions, then it would seem that justice would require a rule commanding automatic disclosure of such instructions in each and every federal criminal case. This court lacks the power to amend the Federal Rules of Criminal Procedure to reflect Defendant's desired policy.

Based on the foregoing it is therefore ORDERED that:

    Defendant's renewed motion for production of grand jury instructions (#176) is DENIED.

Dated this 13th day of November, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge