IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Criminal Case No. 05–cr–00545–EWN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JOSEPH P. NACCHIO,

      Defendant.

**ORDER CONCERNING GOVERNMENT'S SUBMISSION OF ATTORNEY PROFFER NOTES**
**(Docket No. 202)**

On December 18, 2006, the Government submitted four categories of documents for the court's review, *ex parte* and *in camera*. The first and third categories consist of notes taken by attorneys for the Government. The notes were taken during conversations between the Government attorneys and attorneys for various prospective Government witnesses. During the course of these conversations, the attorneys for the witnesses passed on, or proffered, the testimony which their clients would give if called as Government. The first category consists of a redacted version of the Government attorneys' notes, while the third category consists of the un-redacted version.

The second and fourth categories of submitted documents consist of reports of pre-sentence investigations conducted by the United States Probation Department. The subjects of

the reports are four persons who have entered guilty pleas in the United States District Court for the District of Colorado and who may be called as witnesses for the Government. The second category consists of a redacted version of the materials, while the fourth is an un-redacted version.

The scope of this order is limited. The court has reviewed these materials solely for determining whether their production is required under 18 U.S.C.A. § 3500 (West 2007) ("the Jenks Act"), on the record currently before the court. Such an *in camera* submission appears to be contemplated by 18 U.S.C.A. § 3500(c). The question presented is a legal one: whether any parts of these materials constitute "statements" as that term is defined in the Jenks Act. This legal question must be decided by the court.

It is unclear whether the parties expect that the court will also rule on whether all or parts of the materials should be produced under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the progeny of those cases. During previous hearings, the court has declined to issue such rulings. The basis for the court's position is fully developed and explained in *United States v. McVeigh*, 954 F. Supp. 1441 (D. Colo. 1997). The court continues its declination, and nothing herein passes upon the Government's obligation to determine, as an initial matter, whether any part of the materials should be produced under *Brady* and *Giglio*.

The Jenks Act requires the Government to produce "statements" previously made by witnesses called by the Government. The Act explicitly defines the term. In relevant part, it provides:

> The term "statement" . . . means —
>
> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement.

18 U.S.C.A. § 3500(e).

With a single exception, the notes of the Government attorneys do not constitute "statements," and the Jenks Act itself does not require their production. They do not fall within subparagraph (2) because they are not recordings or transcriptions, nor are they "a substantially verbatim recital of an oral statement." They do not fall within subparagraph (1) because, even if they embodied a written statement made by the witness, there is no indication that the notes were "otherwise adopted or approved by the witness." *See Palermo v. United States*, 360 U.S. 343, 345 (1959); *Campbell v. United States*, 365 U.S. 85 (1961); *United States v. Traylor*, 656 F.2d 1326, 1335–36 (9th Cir. 1981).

The single exception consists of two pages bearing Bates numbers IC_0032873 and IC_0032874. The pages have been reduced to typing, and the first page bears the heading **"WHAT SZELIGA WOULD SAY"** The first paragraph then recites, "This is a virtually verbatim statement of what Robin Szeliga would have to say (see MK handwritten notes); the

items in italics are MK editorial notes and questions." Although the question of whether this meets the definition of "statement" is a close one, the court is persuaded to so characterize it because of its self-characterization and because of the formality of typing it up. The Government will produce these two pages. The Government may redact the italicized paragraphs because they do not relate to the witness's testimony but rather to the attorney's strategy and mental processes. For the same reason, it may also redact the last paragraph. The Government should note that the redactions permitted differ from the proposed redactions tendered by the Government.

The court's review of the pre-sentence reports disclosed only a single page which must be disclosed under the Jenks Act. It is Bates number IC_0033076. The statement appears to be a written statement made by the defendant/witness. Since the defendant/witness, by rule, had an opportunity to review and object to the entire pre-sentence report, and since no objections to the statement appear, the court will treat the statement as adopted or approved by the defendant/witness. The Jenks Act requires that the Government produce it.

SO ORDERED.

Dated this 20th day of February, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge