IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Nel Steffens, Deputy Clerk                          Date: July 27, 2007
Therese Lindblom, Court Reporter
Caryl Ricca and Doug Randolph,
Probation Officers

Criminal Action No. 05–cr–00545–EWN

*Parties:*                                          *Counsel:*

UNITED STATES OF AMERICA,                           Cliff Stricklin, Colleen Conry, Leo Wise,
                                                    James Hearty, and Kevin Traskos

      Plaintiff,

v.

1.  JOSEPH P. NACCHIO,                        Herbert Stern, Jeffrey Speiser, Edward
                                                    Nathan, Mark Rufolo, John Richilano, Marci
      Defendant.               Gilligan, and Maureen Mahoney

---

## SENTENCING MINUTES

---

**9:00 a.m.**    Court in session.

Appearances of counsel.  Also present at Government's table are U.S. Postal Inspector JoJan
Henderson and FBI Special Agent Susan Montoya.  Also present at Defendant's table is Dr.
Harvey Hammer.

Court's findings regarding pending motions.

**ORDERED: 1.**    **Defendant's Motion for a Judgment of Acquittal Pursuant to Federal
Rule of Criminal Procedure 29 (#429, filed June 4, 2007) is DENIED.**

**ORDERED: 2.**    **The Motion by Joseph P. Nacchio for New Trial and Change of Venue
(#430, filed June 4, 2007) is DENIED.**

*Sentencing Minutes*
*05-cr-00545-EWN*
*Judge Edward W. Nottingham*
*Page 2 of 5*

**ORDERED:   3.        The Motion by the United States for Issuance of Subpoena *Duces Tecum* Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (#445, filed July 20, 2007) is DENIED.**

Court briefly reviews its Order and Memorandum of Decision, #457, filed today.  Said document orders the Defendant to forfeit to the United States the sum of $52,007,545.47 within fifteen days of the date of the Order.

**Defendant was found guilty by jury verdict on April 19, 2007, on Counts 24 through 42 of the Indictment.**

Mr. Stricklin confirms that there are no victims present who wish to present testimony through their attorneys.

Court states that it has received Dr. Hammer's report and sees no need to dwell on this situation in open court.

Mr. Stern confers with colleagues and client and responds.

Discussion regarding the report and Defendant's Motion for Downward Departure, #441.

Further conference among defense counsel and client.

Further discussion and response by Mr. Stern.

Court states that there will be no testimony.

Argument by Mr. Speiser regarding gain.

Argument by Mr. Stern regarding sentencing guidelines.

Mitigation statement by Mr. Stern.

**10:22 a.m.**        Court in recess.

**10:43 a.m.**        Court in session.

Defendant declines the opportunity to make a statement.

*Sentencing Minutes*
*05-cr-00545-EWN*
*Judge Edward W. Nottingham*
*Page 3 of 5*

Statement by Ms. Conry.

Statement by Mr. Stricklin.

Court's findings.

**ORDERED:  4.        Defendant's Motion for a Downward Departure Pursuant to 18 U.S.C. § 3553(b)(1) and U.S.S.G. § 5k2.0 Based Upon Extraordinary Family Circumstances and U.S.S.G. § 5h1.11 Based Upon Extensive Civic, Charitable and Other Prior Good Works (#441, filed July 6, 2007) is DENIED.**

**ORDERED:  5.        Defendant is imprisoned for a term of seventy-two months, on each count of conviction, to be served concurrently.**

The court recommends the Bureau of Prisons designate the Federal prison camp at Schuykill for service of sentence.

**ORDERED:  6.        Upon release from imprisonment, defendant shall be placed on supervised release for a period of two years.**

**ORDERED:  7.        Within seventy-two hours of his release from the custody of the Bureau of Prisons, defendant will report in person to the probation office in the district in which he is released.**

**ORDERED:  8.        Conditions of supervised release are:**

**a.        Defendant is to observe all of the standard conditions of supervised release.**

**b.        Defendant is not to possess any firearm, destructive device or any other dangerous weapon as defined by federal or state statute.**

**c.        Defendant is not to illegally possess or use controlled substances.**

**d.        The drug testing condition is suspended.**

    **e.**    **Defendant is not to commit a federal, state, or local crime.**

    **f.**    **Defendant shall cooperate in the collection of DNA as directed by the probation officer.**

    **g.**    **Defendant shall participate in a program for mental health treatment, as directed by the probation officer, until he is released from that program by the probation officer.  He shall pay all costs of such treatment.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.**

    **h.**    **Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with all periodic payment obligations imposed pursuant to the court's judgment and sentence.**

**ORDERED:  9.**    **Defendant shall pay a fine of $19,000,000.00.  The fine is due and payable within thirty days of the date of sentencing.**

**ORDERED:  10.**    **Defendant shall pay a special assessment fee of $1,900.00, due immediately.**

**ORDERED:  11.**    **Payments made pursuant to the court's judgment shall be applied  in the following order:  (i.) special assessment, (ii.) fine principal, (iii.) fine interest.**

Defendant is advised of his right to appeal.

Argument by Mr. Stern regarding Defendant's motion for bail pending appeal, #451.

Argument by Mr. Stricklin.

Rebuttal argument by Mr. Stern.

Court's findings.

*Sentencing Minutes*
*05-cr-00545-EWN*
*Judge Edward W. Nottingham*
*Page 5 of 5*

**ORDERED:   12.  The Motion by Joseph P. Nacchio for Bail Pending Appeal (#451, filed July 23, 2007) is DENIED.**

Defendant is ordered to surrender himself voluntarily to the facility designated by the United States Bureau of Prisons within fifteen days of the date of designation.

Court reiterates terms of forfeiture order for the record.

**12:46 p.m.**     Court in recess.

Hearing concluded.

Total time in court: 03:25