IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 05-cr-00545-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH P. NACCHIO,

        Defendant.

## ORDER REGARDING RESENTENCING

**THIS MATTER** comes before the Court for determination of the scope of and the procedure to be used for re-sentencing following remand from the 10th Circuit Court of Appeals.[1] The parties have briefed their positions **(#580, 581, 582, 583)**. The Court has considered the parties' thorough briefing, the applicable law, and the history of the case.

### I. PERTINENT HISTORY[2]

On April 19, 2007, the Defendant was convicted on 19 counts of securities fraud in stock trades he made in 2001. The jury concluded that the trades were based on undisclosed, insider information. On July 27, 2007, the Defendant was sentenced to concurrent imprisonment terms of 72 months on each count of conviction, two years of supervised release, a fine of $19 million, and forfeiture of approximately $52 million.

---

[1] (**#572**); *United States v. Nacchio*, 573 F. 3d 1062 (10th Cir. 2009).

[2] The facts of this case have been iterated in detail throughout the long history of this case. Only a brief factual summary is necessary for current purposes.

The Defendant appealed both his conviction and his sentence to the Tenth Circuit Court of Appeals. The Circuit separately addressed issues related to the Defendant's conviction[3] and sentence. (**#572**); *United States v. Nacchio*, 573 F. 3d 1062 (10th Cir. 2009).

The Circuit affirmed most components of the sentence, but reversed for two errors - error in determining the Defendant's gain under applicable provisions of the United States Sentencing Guidelines[4] (hereafter, the "Guidelines") and error in calculating the amount subject to forfeiture.[5] The Tenth Circuit's mandate remanded this case for "further proceedings in accordance with the opinion of this court." On October 23, 2009, the parties advised this Court that they disagreed as to what issues should be considered in re-sentencing the Defendant. They have since filed briefs that comprehensively arguing their positions.

The Defendant contends that this Court is required to sentence the Defendant *de novo*. In other words, the Defendant argues that this Court must conduct the sentencing starting with an entirely clean slate, disregarding all determinations and findings that were made during the prior sentencing, and entitling the Defendant to present any evidence or argument – regardless of

---

[3] A three-judge panel held that the trial court had abused its discretion in excluding certain expert witness testimony, reversed the conviction, and ordered a new trial (**# 521**); *United States v. Nacchio*, 519 F.3d 1140 (10th Cir. 2008). However, the Circuit Court, sitting *en banc*, reconsidered, and affirmed the conviction. (**#572**); *United States v. Nacchio*, 555 F.3d 1234 (10th Cir. 2009). The Defendant sought review by the United States Supreme Court, but his petition for writ of certiorari was denied (**# 577**); *United States v. Nacchio*, 130 S. Ct. 54 (2009) and his subsequent request for reconsideration was similarly denied (see United States Supreme Court Docket for case number 08-1172, available at: http://origin.www.supremecourtus.gov/docket/08-1172.htm (last accessed December 17, 2009)).

[4] The original determination was made pursuant to §2F1.2 of a prior version of the Guidelines. Due to subsequent rearrangement of the Guidelines, the relevant language is now found in § 2B1.4.

[5] The applicable statute is 18 U.S.C. §981(a)(2)(B).

whether it is new or previously raised – that he believes is pertinent.  In particular, the Defendant requests that, in addition to addressing the two the issues where the Tenth Circuit found error, this Court should also consider arguments regarding calculation of the fine and arguments for downward departures under the Guidelines.  The Defendant further contends that, even if the Court is not required to consider the entire sentence *de novo*, the Court should nevertheless exercise its discretion to do so, because the undersigned did not preside over the prior sentencing[6] and thus, *de novo* sentencing is necessary to "protect the integrity of the sentencing process."

The Government contends that this Court has discretion to determine the scope of the issues upon re-sentencing.  It urges that, in the exercise of that discretion, this Court limit the issues it considers anew to: 1) determination of the "gain resulting from his offense" pursuant to the Guidelines, 2) determination of the amount of restitution owed pursuant to 18 U.S.C. §981(a)(2)(B), and 3) consideration of the sentencing objectives and factors contained in 18 U.S.C. §3553.

**II. ANALYSIS**

The Court begins its analysis with reference to the mandate from the Tenth Circuit and application of the "mandate rule."  As noted, the Circuit upheld most aspects of the original sentence, finding that it properly fell within the ambit of the appropriate Guideline range in all respects, except for calculations of gain and the sum subject to forfeiture.  The operative portion of the Court of Appeals' opinion states "we reverse the district court's sentencing order with

---

[6]The judge who imposed the Defendant's sentence has since resigned, and this case was reassigned to the undersigned on February 25, 2009.  The Defendant's counsel has also changed.

-3-

respect to its gain calculation and its forfeiture determination and remand for re-sentencing consistent with this opinion." (**# 572**); *Nacchio*, 573 F.3d at 1090.

The parties' disagreement as to the scope of issues to be considered in re-sentencing implicate the "law of the case doctrine" and the "mandate rule." The "law of the case doctrine" provides that findings and determinations made in one stage of a case are binding during subsequent stages in the litigation. *See United States v. Webb,* 98 F.3d 585 ( 10th Cir 1996), (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir 1993)). The "mandate rule" is a corollary to the law of the case doctrine. The mandate rule generally requires a district court to limit its consideration to issues articulated in the remand. In some circuits, the mandate rule specifically precludes a district court from reconsidering or modifying those portions of its prior decisions that have been affirmed by a court of appeals, as well as determinations that could have been, but were not, challenged on appeal. *See e.g. United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008); *United States v. Stanley*, 54 F 3d 103, 107 (2nd Cir 1995); *United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir 1994); *United States v. Bell,* 5 F.3d 64, 66 (4th Cir. 1993)

In the Tenth Circuit, the mandate rule is not absolute. Instead, it guides the exercise of a district court's discretion to reconsider previously-appealed or previously unchallenged issues. *United States v. Moore,* 83 F.3d 1231, 1234 (10th Cir. 1996). A district court may exceed the scope of the appellate court's mandate under exceptional circumstances, such as when: 1) there has been a dramatic change in controlling legal authority; 2) significant new evidence that was not earlier obtainable through due diligence has come to light, or 3) a blatant error in the prior sentencing decision would result in serious injustice if not corrected. *Id.*; *see also United States v. Webb,* 98 F.3d 585, 587 (10th Cir. 1996).

The mandate of the Court of Appeals in this case is brief, but clear. It directs this Court to re-sentence the Defendant in a manner "consistent with this opinion." The "opinion" being referenced is the Circuit's determination of error only with regard to two discrete issues. Thus, the mandate rule would generally suggest that the focus of a new sentencing hearing should be limited to the two issues upon which the Tenth Circuit reversed. The Defendant has not shown that any of the recognized exceptions to the mandate rule are applicable. The Defendant's suggestion that the "integrity of the sentencing process" is somehow undermined by the fact that the presiding judge and defense counsel have changed since the original sentencing invokes neither a recognized exception to the mandate rule, nor presents circumstances that can truly be said to affect public confidence in the court.

However, as noted above, the mandate rule guides, rather than directs this Court's exercise of discretion as to the scope of this re-sentencing. In application of the mandate rule, the Court must also consider its obligations in imposing sentence.

Every sentence imposed in a federal criminal case must satisfy the requirements of 18 U.S.C. §3553(a). This statute requires that the Court impose a sentence that is "sufficient, but no greater than necessary," to achieve specified sentencing objectives. A sentence must reflect the seriousness of the offense, promote respect for the law, deter future criminal conduct by the defendant and others, and provide the defendant with needed rehabilitative and other services. In crafting a sentence that meets these objectives, the statute also specifies the factors to be considered - the nature and circumstances of the offense, the history and characteristics of the defendant, the sentence range under the Guidelines, the need for uniformity in sentencing similarly-situated individuals, and, in appropriate cases, the need for restitution.

This required statutory analysis makes strict application of the mandate rule problematic in some cases. When reversal is based upon an error in a Guideline calculation, a simple correction may not be sufficient because a court must also consider the objectives and factors found in 18 U.S.C. § 3553. A change in the Guideline calculation may change the sentencing range and therefore impact whether and how the statutory sentencing objectives and factors are best satisfied. Strict application of the mandate rule may have been more workable when application of the Guidelines was mandatory,[7] but the advisory nature of the Guidelines and required explicit consideration of the statutory objectives and factors can make some re-sentencing hearings more elaborate.

In sentencing, this Court customarily uses a two-step process.[8] The first step (for purposes of clarity, the Court will refer to it as "Phase I") involves a calculation of the sentence range in accordance with the Guidelines. The parties address any factual disputes with regard to the contents of a pre-sentence investigation report, any dispute that they may have with the Guideline calculations, any Guideline departures that they contend should be applied, and any dispute as to criminal history. Once those disputes are resolved, the Court applies the Guidelines

---

[7] The discretion conferred by this Circuit's view of the mandate rule in this Circuit became even more pronounced following the U.S. Supreme Court's ruling that the Sentencing Guidelines are advisory, rather than binding. *See generally United States v. Booker*, 543 U.S. 220, 245 (2005).

In a scheme where the Guidelines were binding, strict application of a rule limiting the scope of re-sentencing was possible. A court, upon re-sentencing, would simply swap out the erroneously determined components of the Guideline calculation for the correct one and recalculate the ensuing Guideline sentence, without needing to revisit any other component of the sentence.

[8] *See generally United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006); *see also Nelson v. United States*, ___ U.S. ___, 129 S. Ct. 890, 891-92, 172 L.Ed. 2d 719, 721 (2009).

formula which results in a Guideline sentencing range that impacts various sentence components such as imprisonment (or probation), supervised release, fine, mandatory assessments and restitution.

At the second step ( "Phase II")  the Court addresses the requirements of 18 U.S.C. §3553(a).  In this phase, the focus is upon what sentence is appropriate for the particular defendant in light of the statutorily-defined sentencing objectives.  The Guideline range is a factor in the analysis, but only one factor among several.  If a sentence within the Guideline range would not satisfy the sentencing objectives, the Court must impose a different sentence that meets those objectives.  Such a sentence can be higher or lower than the Guideline range, depending on what is necessary to satisfy the sentencing objectives.  Such sentences are alternatively called "variant" or "non-guideline" or "statutory" sentences.  If the Court imposes such a sentence, rather a sentence in the Guideline range, the Court  must give the specific reasons.  *See Nelson*, 129 S. Ct. at 892.

This two-step process is appropriate for re-sentencing in this case, and is particularly well-suited for exercising the discretion conferred under the mandate rule.  In the prior sentencing, the parties had full opportunity to raise objections to all of the components of Guideline determination at Phase I.  The parties also had the opportunity to appeal any of these findings, and the Defendant did so in several respects.  The only error found by the 10th Circuit in this context was in the Court's determination of the Defendant's gain,[9] which, in turn, affected the "offense level" component of the Guideline calculation.

Upon re-sentencing, this Court will begin with Phase I, the Guideline calculation.  Absent

---

[9] See footnote 5, supra.

a showing of a matter that falls within an exception to the mandate rule, the Court will apply that rule and therefore will not consider new or re-asserted objections to the original Pre-sentence Investigation Report, requests for Guideline departures, or arguments with regard to the fine.[10] The Court will hear any disputes regarding the accuracy of any <u>new</u> addenda to the pre-sentence report, then turn to a *de novo* calculation of the defendant's gain pursuant to U.S.S.G. §2B1.4. Although technically a matter falling outside the Guidelines, the Court will also address the issue of restitution in Phase I. Both the gain and restitution issues likely will involve evidentiary presentation and argument. Therefore, considerations of efficiency make it appropriate to resolve these issues at a single hearing. The Court anticipates making findings as to the Guideline range and amount of restitution at the conclusion of this phase.

In Phase II, the whole of the sentence (Guideline range, fine, restitution, and any other sentence component) will be considered, *in toto*, in the context of 18 U.S.C. §3553(a). In this phase, the parties may address, and will be limited to, the factors and objectives set forth in 18 U.S.C. §3553(a). Allocution and victim testimony, if any, will also occur in this phase.[11]

Usually, the two sentencing phases occur in a single hearing. Here, however, the Court

---

[10] The Court will not consider the fine amount in Phase I for two reasons. First, the fine was not reversed by the Circuit, and thus, is subject to the mandate rule. Second, the calculation of the amount of the fine was not based upon the erroneous calculation of gain. Although the fine that was imposed was consistent with the Guidelines, the amount was set in accordance with the statutory provisions of 15 U.S.C §78ff in order to satisfy the sentencing objectives of 18 U.S.C. §3553(a). Accordingly, arguments with regard to the fine will be considered in conjunction with Phase II.

[11] Alternatively, the parties may incorporate the record of the prior sentencing in this regard. Additional statements, if any, on behalf of the Defendant should be made in writing and submitted to the probation officer to be included in an addendum to the Pre-sentence Report.

anticipates that the parties may wish to submit evidence and present arguments in both phases and reflect upon determinations made with regard to Phase I before proceeding to Phase II. Upon the parties' request, the Court will bifurcate the phases, holding separate hearings with sufficient time between them to allow written briefing before the Phase II hearing.

**IT IS THEREFORE ORDERED** that:

1) In their sentencing statements, due January 12, 2010, the parties shall:

   (a) specify whether they desire a consolidated hearing or the setting of two hearings, one for each sentencing phase;

   (b) designate the amount of time they require for a hearing or hearings. If they request two hearings, they should propose a schedule for the filing of a single brief by each party to address 18 U.S.C. §3553(a) issues; and

   (c) identify any matter that a party seeks to address in conjunction with the Phase I determinations as an exception to the mandate rule, and the justification therefor.

2) Within 14 days of the filing of the sentencing statements, the Probation Officer will prepare an Addendum, and new Recommendation for the original pre-sentence report. Both will be supplied to the parties in accordance with Fed. R.Crim. P. 32.

DATED this 18th day of December, 2009.

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge