IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 05-cr-00545-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    JOSEPH P. NACCHIO,

    Defendant.

**ORDER WITH REGARD TO DEFENDANT'S NOTICE OF INTENT TO WAIVE APPEARANCE AT RE-SENTENCING HEARING**

**THIS MATTER** comes before the Court on the Defendant's Notice of Intent to Waive his Right to be Present at Re-sentencing **(#600)**, the Government's Objection **(#601)**, and the Defendant's Reply **(#602)**.

**I.    JURISDICTION**

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

**II.    ISSUE PRESENTED**

The factual and procedural history of this case has been set forth in several orders in this case. Accordingly, the Court here offers only a brief summary.

In April 2007, the Defendant was convicted on 19 counts of securities fraud in violation of 15 U.S.C. §§ 78j and 78ff for insider stock trades he made in 2001. He was sentenced to 72 months of imprisonment. He is currently in the custody of the Federal Bureau of Prisons, serving his sentence at an institution in Pennsylvania.

The Tenth Circuit Court of Appeals affirmed his conviction, but reversed his sentence. Re-sentencing has been set in two hearings, one on April 21, 2010 and another on June 24, 2010. At the first hearing, the Court will hear evidence to determine restitution and calculate gain/loss for application of the Federal Sentencing Guidelines. At the second hearing, the Court will hear argument and evidence with regard to the application of 18 U.S.C. §3553. At the second hearing, Mr. Nacchio will have the opportunity for allocution.

Mr. Nacchio, through counsel, has stated his desire to waive his right to be present at both hearings. The Government concedes that he need not attend the April hearing, but contends that he must be present at the June hearing. It intends to invoke its power under 18 U.S.C. §3621(d) to order the United States marshal to bring Mr. Nacchio to the courthouse. The issue before the Court is whether Mr. Nacchio can waive his presence at the re-sentencing hearings.

## III. ANALYSIS

In support of their arguments, both parties refer to Rule 43 of the Federal Rules of Criminal Procedure. It provides:

> Rule 43. Defendant's Presence
>
> (a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
>     (1) the initial appearance, the initial arraignment, and the plea;
>     (2) every trial stage, including jury impanelment and the return of the verdict; and
>     (3) sentencing.
> (b) When Not Required. A defendant need not be present under any of the following circumstances:
>     (1) Organizational Defendant. The defendant is an organization represented by counsel who is present.
>     (2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

> (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.
> (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).
>
> (c) Waiving Continued Presence.
> (1) In General. A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or
>> (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.
>
> (2) Waiver's Effect. If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

Mr. Nacchio's counsel states that Mr. Nacchio intends to waive his right to be present at his re-sentencing. He relies upon several opinions in which a defendant's waiver of an appearance at sentencing was equated to a decision to be "voluntarily absent" in accordance with Federal Rule of Criminal Procedure 43(c)(1). Mr. Nacchio offers to present his waiver as the Court directs.

The Government contends that Mr. Nacchio cannot waive his appearance and, to the contrary, he must be present at the June re-sentencing hearing. It points to the requirement of Rule 43(a)(3), and argues that because Mr. Nacchio is in custody of the Bureau of Prisons and therefore does not control his whereabouts, he cannot "voluntarily absent" himself from the proceedings. The Government further argues that the public policy interests mandate that Mr. Nacchio be present at the second re-sentencing hearing, but it concedes that his absence is appropriate at the April hearing. Finally, the Government submits that if Mr. Nacchio can waive

his presence at the June hearing, he cannot do so through a written document, alone.

One purpose of Rule 43 is to ensure a defendant's rights under the confrontation clause of the Sixth Amendment and the due process clause of the Fifth Amendment of the United States Constitution. *See Snyder v. Massachusetts,* 291 U.S. 97, 54 S. Ct. 330 (1934)*; United States v. Villano*, 816 F.2d 1448, 1452-53 (10th Cir. 1987). The rule guarantees that a defendant can be present at all critical phases in the criminal process, including at the sentencing hearing. *United States v. Arrous*, 320 F.3d 355, 359-60 (2d Cir. 2003). The right to be present at a sentencing hearing is important in order to afford the defendant the opportunity to confront evidence against him and to make a statement - to allocute.

Logically, the essence of a right is the freedom to exercise it or not. If one cannot waive a right, then it ceases to be a right and becomes obligation.[1] Thus, because Mr. Nacchio has the right to be present at his re-sentencing, he may also waive that right. His waiver, however, is not effective unless it is both informed and voluntarily made. *See United States v. Jurado-Lara*, 287 F. App'x. 704, 707 (10th Cir. 2008); *Larson v. Tansy*, 911 F.2d 392, 397 (10th Cir. 1990).[2]

---

[1] The Court rejects the Government's argument that it can compel the presence of the defendant at sentencing pursuant 18 U.S.C. §3621(d). That statute provides that "the United States marshal shall, without charge, bring a prisoner into court or return him to a prison facility on order of a court of the United States or on written request of an attorney for the Government." The Court understands such statute to authorize physical transportation of a defendant to a courthouse in order to be present or so that the Court can advise a defendant with regard to his rights and to assess the voluntariness of his waiver. The Court also rejects the Government's policy arguments that the provisions 18 U.S.C. §3553 should be interpreted to compel a defendant to be present, because such interpretation would deprive a defendant of his right to be voluntarily absent.

[2] Although, some courts have stated in *dicta* that a defendant in custody may not waive his right to be present because a defendant in custody does not control his whereabouts, the Court understands these statements to pertain to a Defendant's unilateral refusal to be present at court in the absence of a determination that he or she has voluntarily waived his or her right to be

Indeed, in order to preserve a defendant's right constitutional right to be present, often courts presume that a waiver is invalid unless the defendant is advised of his rights in court. As explained in *United States v. Gordon*, 829 F2d 119, 125 (D.C. Cir. 1987),

> On the subject of waiver, it has been pointed out that courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights. . . . This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. Where the defendant is in custody, the serious and weighty responsibility of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make an intelligent and competent waiver. (Citations and internal quotation marks omitted).

This Court must be satisfied that Mr. Nacchio's intended waiver is both knowingly and voluntarily made. Such determination applies to both of the re-sentencing hearings because there is no fundamental difference between them. In most cases, a single sentencing hearing covers all of the matters to be addressed. Here, two hearings were scheduled in order to allow the parties time to file written arguments after the calculation of the applicable guideline sentencing range. As to the April hearing, Mr. Nacchio has a right to participate, confront those who would testify against him, and assist his counsel. In the June hearing, he has the right to be present, confront those who may testify against him, assist his counsel, and to allocute.

In consideration of the time and expense attendant to transporting Mr. Nacchio to physically appear, the Court has considered various means by which it could conduct an advisement hearing and assure that Mr. Nacchio's intended waiver is informed and voluntary - for example, by affidavit or by remote video or telephonic appearance. In some cases, perhaps,

---

present. *See Cross v. United States*, 325 F.2d 629, 631 n.6 (D.C. Cir. 1963); *United States v. Gordon*, 829 F.2d 119, 125 n.7 (D.C. Cir. 1987).

use of such alternatives might be appropriate.[3]

However, the circumstances of this case are unique. Mr. Nacchio did not allocute at his prior sentencing hearing. His sentence was reversed on appeal, based on a theory for calculation of gain/loss for calculation under the Federal Sentencing Guidelines that he was unable to present to the trial court. Since his prior sentence, he has changed counsel. New counsel intend to advance the theory endorsed on appeal with regard to calculations of gain/loss applicable under the sentencing guidelines and, alternatively, to argue for a variant sentence in order to satisfy the objectives set forth in 18 U.S.C. §3553(a). Mr. Nacchio is currently incarcerated, and it is not clear whether, or to what degree, his detention has affected his desire to waive his right to be present at re-sentencing. Finally, the re-sentencing will be performed by a different judge than the one who presided over pretrial matters, the trial and prior sentencing. These circumstances all favor requiring Mr. Nacchio to be physically present in order to assure that his waiver is voluntary and informed.

The Court appreciates that requiring that Mr. Nacchio be physically present is inconvenient, expensive, and time consuming, and that to complete an advisement hearing before the first re-sentencing hearing on April 21 may be impossible due to time constraints.

---

[3] The Court has found no authority specifically authorizing any of these means, or guidance within the Circuit as to when use of such means might be appropriate. The Tenth Circuit has held that a sentence may not be imposed upon a defendant who appears by video at a remote location. *United States v. Torres-Palma*, 290 F3d 1244, 1248-49 (10th Cir. 2002). One might reason that because a sentence cannot be imposed without the defendant being physically present, an advisement of rights with regard to waiver of his appearance at the sentencing hearing similarly cannot occur without the defendant being physically present. Interestingly, in the newly proposed Rule 43 of the Federal Rules of Criminal Procedure, physical absence or presence by video teleconferencing are specifically allowed for preliminary advisements in misdemeanor cases, but no such provision is made for felony cases.

Nevertheless, to assure Mr. Nacchio's awareness of his right to be present at both re-sentencing hearings to and to advise him with regard to his anticipated waiver,

**IT IS ORDERED**, that the United States Marshal shall forthwith and using best efforts transport Mr. Nacchio to the Alfred A. Arraj United States Courthouse and bring him before the Court at the earliest possible time for an advisement hearing. If his presence cannot be assured before the April 21, 2010 hearing, it will be continued to June 24, 2010, and the matters currently set to be heard on that date will be reset.

Dated this 13th day of April, 2010

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge